UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALLEN ROBERTS, JR.,

        Petitioner,

v.                        Case No. 3:15-cv-668-J-34MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

        Respondents.

## **ORDER**

### **I. Status**

Petitioner Allen Roberts, Jr., an inmate of the Florida penal system, initiated this action on May 26, 2015,[1] by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2254. He filed an Amended Petition (Doc. 29) on December 6, 2016. In the Amended Petition, Roberts challenges a 2011 state court (Duval County, Florida) judgment of conviction for sale or delivery of cocaine. Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Motion to Dismiss the Amended

---

[1] Giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to the prison authorities for mailing to this Court. See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

Petition (Response; Doc. 30) with exhibits (Resp. Ex.). On November 2, 2015, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 10), admonishing Roberts regarding his obligations and giving Roberts a time frame in which to submit a reply. On January 18, 2017, Roberts replied. See Petitioner's Reply to Motion to Dismiss (Reply; Doc. 31). This case is ripe for review.

## **II. One-Year Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Roberts has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). The following procedural history is relevant to the one-year limitations issue. On September 17, 2009, the State of Florida charged Roberts in Case No. 16-2009-CF-011820 with three counts of sale or delivery of cocaine. See Resp. Ex. GGG, docket entries 13-15. Roberts proceeded to a jury trial in June 2011, at the conclusion of which, on June 8, 2011, the jury found him guilty of three counts of sale or delivery of cocaine. See id., docket entries 240-42. On August 2, 2011, the court sentenced Roberts to a term of imprisonment of thirty years on each count, to run concurrently with each other. See Resp. Ex. A, Judgment. On October 7, 2011, the appellate court dismissed Roberts' appeal because he failed to comply with its order requiring him to either pay the filing fee or submit the trial court's order of insolvency. See Resp. Ex. C; see http://jweb.flcourts.org/pls/ds/ds_docket, Roberts v. Florida, Case No. 1D11-4328. The court later denied his motion

3

for reinstatement, see Resp. Exs. D; E, as well as his motion for reconsideration on January 12, 2012, see Resp. Exs. F; G.[2]

Roberts' conviction became final on Monday, February 13, 2012 (30 days from January 12, 2012). Because Roberts' conviction was after April 24, 1996, the effective date of the AEDPA, Roberts had one year from the date his conviction became final to file the federal petition. His Petition, filed on May 26, 2015, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

Before his conviction became final, Roberts filed a pro se motion to dismiss charging information in the Florida Supreme Court on June 21, 2011. See Resp. Ex. J. On September 21, 2011, the Florida Supreme Court treated the motion as a petition for writ of habeas corpus, and transferred the petition to the circuit court for consideration as a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 (Rule 3.850). See Resp. Ex. K. Roberts also filed another motion for post-conviction relief

---

[2] The Florida Supreme Court denied his January 25, 2012 petition for writ of mandamus on June 28, 2012. See Resp. Exs. H; I. A state petition for writ of mandamus is not considered to be a properly filed application for state post-conviction or other collateral review pursuant to 28 U.S.C. § 2244(d) because it neither requests judicial review of a judgment nor provides a state court with authority to order relief from a judgment. See Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1141 (11th Cir. 2015). Therefore, such a petition does not toll the limitations period.

under Rule 3.850 on December 13, 2011.[3] See Resp. Ex. L. The circuit court denied the Rule 3.850 motion on January 11, 2012, see Resp. Ex. M, and later denied his motion for rehearing on February 17, 2012, see Resp. Exs. N; O. Thus, on Monday, March 19, 2012, thirty days after the circuit court's February 17, 2012 denial, the time to file an appeal expired. As such, the one-year limitations period began to run again on Tuesday, March 20, 2012.[4] The one-year limitations period ran until it expired on March 20, 2013.

With the one-year limitations period having expired on March 20, 2013, none of Roberts' motions filed after March 20, 2013, could toll the limitations period because there was no period remaining to be tolled.[5] See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that, where a state prisoner files post-conviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left

---

[3] See Response at 6 (stating Roberts' December 13, 2011 Rule 3.850 motion amended the previously-filed motion).

[4] Roberts filed a petition for belated appeal on May 9, 2012, see Resp. Ex. P, and the appellate court dismissed the petition on July 2, 2012, because he failed to serve a copy of the petition on the Attorney General and the State Attorney, see Resp. Ex. Q. "A state-court petition for a belated appeal does not trigger a re-examination of a conviction or sentence, and, thus, does not toll the federal statute-of-limitations period." Pollock v. Sec'y, Dep't of Corr., 664 F. App'x 770, 771-72 (11th Cir. 2016) (citing Espinosa, 804 F.3d at 1142).

[5] See Resp. Exs. Y-EE (Rule 3.800 motion to correct illegal sentence); RR-UU (petition for writ of habeas corpus); see also Reply at 2.

5

to toll"). Given the record, Roberts' May 26, 2015 Petition is untimely filed, and due to be dismissed unless Roberts can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015), cert. denied, 137 S.Ct. 830 (2017). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017), cert. denied, 138 S.Ct. 1042 (2018). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet, 853 F.3d at 1221 (quotations and citation omitted). The burden is on Roberts to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and

citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

Roberts asserts that he is entitled to equitable tolling because the appellate court denied him the right to appeal his conviction and sentence, and his state court filings reflect his efforts to obtain his trial transcripts and a direct appeal. See Reply at 2-3. Upon review, the Court finds that Roberts has not demonstrated that an extraordinary circumstance prevented him from timely filing his federal Petition. Additionally, a habeas petitioner's lack of legal training and a general ignorance or confusion regarding the law are not extraordinary circumstances warranting equitable tolling. See Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005); Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013). Indeed, like other litigants, pro se litigants "are deemed to know of the one-year statute of limitations." Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007).

Roberts simply has not met the burden of showing that equitable tolling is warranted. He has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## III. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Roberts seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Roberts "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon

consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  Respondents' request to dismiss (Doc. 30) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2.  The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3.  If Roberts appeals the dismissal of the case, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.  The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of April, 2018.

*MARCIA MORALES HOWARD*
MARCIA MORALES HOWARD
United States District Judge

sc 4/17
c:
Allen Roberts, Jr., FDOC #085419
Counsel of Record